Thomas ROBINSON, Plaintiff,

v.

MARSH PLATING CORPORATION, Dick Huffman, Glen Lovelady, Allied Industrial Workers of America, Local 513, Larry Chapman, and James Brodie, Defendants.

Civ. No. 77–71045.

United States District Court,
E. D. Michigan, S. D.

Jan. 18, 1978.

Lamont M. Walton, Washtenaw County Legal Aid, Ann Arbor, Mich., for plaintiff.

James M. Moore, Gregory, Van Lopik & Korney, Detroit, Mich., for Allied Industrial Workers, Chapman & Brodie.

George T. Roumell, Jr., Samuel E. McCargo, Riley & Roumell, Detroit, Mich., for Marsh Plating, Huffman & Lovelady.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This action arises from the discharge of the plaintiff by defendant Marsh Plating Corporation. The plaintiff alleges that his discharge was not for good cause and therefore in violation of the collective bargaining agreement between Marsh Plating and defendant Allied Industrial Workers of America, Local 513. In addition, the plaintiff brings an action against the union for breach of fair representation. The union and the employer both moved for an order of dismissal or for summary judgment. The matter was originally scheduled for oral argument on August 5, 1977, but was continued to allow the plaintiff to file an amended complaint. The amended complaint was filed, the motions were renewed, oral argument was heard on December 2, 1977, and the matter was taken under advisement.

All defendants move for an order of dismissal and/or summary judgment on the following grounds:

1. The Court lacks subject matter jurisdiction under 29 U.S.C. § 185(a), since the plaintiff has failed to invoke or exhaust internal union remedies.

2. The plaintiff has failed to plead any excuse for his failure to invoke or exhaust internal union remedies.

3. The plaintiff has failed to state a complaint on which relief could be granted.

4. The grievance procedure and remedies under the applicable collective bargaining agreement are the plaintiff's sole and exclusive remedies, if he is entitled to any; therefore, the Court lacks subject matter jurisdiction under 29 U.S.C. § 185(a).

In his first amended complaint the plaintiff does not specifically allege that there is no adequate internal remedy, but he does allege in considerable detail his effort to find and pursue a remedy. The issue of ambiguity of remedy is clearly raised by the plaintiff's brief in opposition to the pending motions, and the issue was inquired into by the Court at oral argument.

The union may require exhaustion of internal union remedies as a prerequisite to suit against the union, 29 U.S.C. § 411(a)(4). Article 19.09 of the "Constitution of the International Union and Laws Governing Local Unions", Allied Industrial Workers of America, provides:

"19.09. In no case shall a member of the Union, or any subordinate body or officer thereof, including persons or organizations against whom any disciplinary action has been taken, resort to any other court, administrative body or tribunal until remedies, procedures and appeals provided for in this Constitution or by the International Executive Board or International President have been pursued and exhausted."

The reason for enforcement of the exhaustion of internal remedies requirement is stated in *Ruzicka v. General Motors Corporation*, 523 F.2d 306 (CA6 1975), at page 311:

"The primary benefit of requiring initial submission of employee complaints against a union that refuses to help process a grievance against a company is that internal machinery can settle difficulties short of court action. Thus, federal policy requires 'staying the hand of "judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own internal affairs." ' " [Citations omitted.]

■ The requirement of exhaustion of intra-union remedies is not absolute. Federal courts have discretion to determine whether a litigant must pursue such internal remedies. When internal union remedies are inadequate or illusory, exhaustion is not required. *Verville v. International Association of Machinists and Aerospace Workers*, 520 F.2d 615 (CA6 1975).

In their briefs and oral arguments the defendants suggest that there are two possible procedures by which a member might seek intra-union relief for breach of fair representation. They say that a member may raise the issue at a local membership meeting. It is also suggested that he may bring charges against an officer, charging the officer with violation of the constitution.

The Court has carefully reviewed the constitution and standard bylaws of the Allied Industrial Workers. The following provisions, in addition to Article 19.09, may be relevant to such procedures:

1. Bylaws ___ Article 4, *Powers of Administration, Section 1.* The highest tribunal shall be the membership, assembled at all authorized meetings.

2. Bylaws ___ Article 5, *Duties of Local Union Members, Section 3.* All members, by becoming members of this Local Union, thereby vest the proper officers and committees with the authority to act for and on their behalf in the settlement and adjustment of grievances and controversies, subject to the provisions of the International Constitution, the Bylaws of this Local Union, and the contract between this Local Union and the employer.

3. Bylaws ___ Article 7, *Meetings, Section 6.* Rules for the conduct of all meetings shall be Robert's Rules of Order, unless otherwise provided for in the Local Union Bylaws or in the International Constitution.

4. Bylaws ___ Article 7, *Meetings, Section 7.* The following shall be the order of business for this Local Union: (*This may be altered to suit the requirements of each Local Union.*)

1. Pledge of Allegiance to the flag.
2. Roll call of officers.
3. Applications for membership.
4. Voting on applicants.
5. Initiation of new members.
6. Reading of the minutes of previous meeting.
7. Report of Financial Secretary-Treasurer.
8. Communications and bills.
9. Reports of officers, committees and delegates.
10. Report of Political Education Committee.
11. Unfinished business.
12. New business.
13. Does anyone know of a member out of work, etc.
14. Good and welfare.
15. Closing.

5. Bylaws ___ Article 14, *Functions of Stewards and Bargaining Committee, Section 4.* The Bargaining Committee

shall endeavor to settle all grievances referred to it by the Stewards, or grievances that originate from the general membership by action of the membership at a regular or special meeting.

6. Bylaws _ _ _ Article 14, *Functions of Stewards and Bargaining Committee, Section 5.* No individual or departmental grievances shall be brought up on the general membership floor until they have been presented for settlement to the Bargaining Committee, except when the Bargaining Committee fails to make a report on a particular grievance.

7. Bylaws _ _ _ Article 17, *Trials of Local Union Officers and Members.* Trials of Local Union officers and members shall be conducted according to the rules outlined in Article 32 of the International Constitution.

8. Constitution _ _ _ Article 19, Appeals. 19.02. If any member is aggrieved by any action, decision or penalty, *excepting the handling of a grievance between the employee and his employer,* he shall appeal to the International Executive Board within thirty (30) days after such action, decision, or penalty is imposed, by filing such appeal with the International Secretary-Treasurer of the International Union and filing a copy thereof with the Local Union. * * * (Emphasis added.)

9. Constitution _ _ _ Article 32, Local Union Trials of Local Union Officers and Members. 32.01. When a member or officer of a Local Union has been charged with violation of any provision of this Constitution, or of any offense against the Union, or conduct unbecoming a member of this Union, by another member or officer of the International Union, the person making such charges shall file such charges with the Recording Secretary of the Local Union in writing, outlining the specific nature of the charges. All such charges shall be signed by the person making the charges. The Recording Secretary shall read the charges to the membership at the next regular meeting of the Local Union, or at a special meeting called for that purpose.

10. Constitution _ _ _ Article 32, Local Union Trials of Local Union Officers and Members. 32.04. The basis for charges against members, officers or subordinate organizations shall include, but not be limited to, the following:

(a) Violation of a specific provision of the Constitution.

(b) Violation of the oath of loyalty to the Local and the International Union.

(c) Violation of the oath of office.

(d) Gross disloyalty or conduct unbecoming a member.

(e) If an officer, gross inefficiency, which shall hinder and impair the interests of the Local Union or of the International Union.

(f) Misappropriation.

(g) Secession, or fostering the same.

(h) Abuse of fellow members or officers by written or oral communication.

(i) Abuse of fellow members or officers in the meeting hall.

(j) Activities which tend to bring the Local Union or International Union into disrepute.

(k) Disobedience to the rules, regulations, mandates and decrees of the Local Union or of the officers of the International Union.

(*l*) Destruction, alteration, mutilation of Union books, bills, receipts, vouchers or other property.

(m) Working in an establishment where a sanctioned strike is in progress, or returning to work during a sanctioned strike.

(n) Such other acts and conduct which are inconsistent with the duties and obligations of a member of a Labor Union, and for violation of sound Labor Union principles.

■ An analysis of the provisions of the constitution and bylaws set forth in this opinion, which might be construed to define a member's internal remedies, leads the Court to two conclusions: Remedies, if any, are vague and uncertain and are granted, if at all, by implication. In contrast, the provisions of the documents which tell a member what he cannot do are explicit.

Whatever the rights the member may have at the local level, Article 19.02 of the constitution completely chills the expectation of any kind of review of the issue at the international union level. Likewise, Section 5 of Article 14 of the bylaws restricts the member's access to the membership without any corresponding explicit direction of the manner in which the issue may be taken to the membership.

■ It is the opinion of the Court that an internal remedy is illusory unless its existence and nature, and the procedures for its exercise, are spelled out in the constitution or bylaws, or in some other document reasonably accessible to the member, in a manner which a reasonably intelligent, literate member can be expected to understand.

In this case, the documents do not create a remedy which can be understood and do not chart a course which can be followed. For these reasons, it is the opinion of the Court that the plaintiff was not required to exhaust internal union remedies as a condition precedent to the commencement of this suit.*

■ The defendants also seek dismissal or summary judgment on the grounds that the plaintiff has failed to set forth specific factual allegations that the union actions were "arbitrary, discriminatory, or in bad faith". *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Without elaborating on all of the details of the plaintiff's first amended complaint, there are clearly allegations which, if proven, support a claim of arbitrary, discriminatory, or bad faith handling of his grievance.

The complaint alleges that the plaintiff was regularly misinformed about the status of his grievance and was told that his grievance was still pending when in fact it had been dropped and time limitations for initiating the next step had passed. The complaint also alleges that the plaintiff was told later that his complaint had been dropped with the unanimous support of the Bargaining Committee when, in fact, at least one member of the Bargaining Committee had never been contacted. There are now conflicting affidavits in the file on this latter point. Defendant Chapman has filed an affidavit stating that he "informally polled" the other two members of the Bargaining Committee before deciding not to take the grievance to Step 3 of the grievance procedure. The plaintiff has submitted affidavits from both of the other members of the Bargaining Committee stating that, contrary to proper procedure, they were never contacted, formally or informally, about the merits of the plaintiff's grievance and, further, that if they had been contacted, they would have voted to support the grievance. The Court holds that there are sufficient allegations of arbitrariness, discrimination, or bad faith in the complaint and further that there are disputed issues of material fact which make summary judgment inappropriate.

■ Finally, the defendants seek dismissal on the grounds that the grievance procedure is the plaintiff's sole and exclusive remedy under the collective bargaining agreement. It is clear that where there has been a breach of the duty of fair representation, an employee who has been denied that fair representation may maintain an action directly against his employer, despite otherwise exclusive contractual remedies. *Vaca v. Sipes, supra.*

For the foregoing reasons, the defendants' motions to dismiss and/or for summary judgment will be denied.

---

\* It is unnecessary for the Court to determine if a trial of an officer is a fair procedure for review of an allegation of breach of fair representation. The Court is concerned that at a trial the emphasis would be on the officer's rights rather than upon the member's rights.